UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**CIVIL MINUTES - GENERAL**

Case No. CV 05-8990 ABC (PLAx) Date April 6, 2006

Title Michael Kenneth Paul Edwards, et al. v. City of Long Beach

ENTERED CLERK, U.S. DISTRICT COURT APR - 7 2006 CENTRAL DISTRICT OF CALIFORNIA DEPUTY

Present: The Honorable Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (In Chambers)

Pending before this Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. The Court finds this Motion appropriate for submission without oral argument. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Having considered the materials submitted by the parties and the case file, and for the reasons indicated below, the Court GRANTS Defendant's Motion in part and DENIES it in part. Accordingly, the scheduled hearing date of April 10, 2006 is VACATED. The scheduling conference set for April 10, 2006 will go forward as scheduled.

**LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. See Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988); accord Gilligan, 108 F.3d at 249 ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (citations omitted).

24

The Court must accept as true all material allegations in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-8990 ABC (PLAx) Date April 6, 2006

Title Michael Kenneth Paul Edwards, et al. v. City of Long Beach

complaint, as well as reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Furthermore, the complaint must be read in the light most favorable to plaintiff. Id. However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., those facts presented in briefs, affidavits, or discovery materials). Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). A court may, however, consider exhibits submitted with the complaint. Id. at 453-54. Similarly, a court may consider documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." Id. at 454. Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. Mir, M.D. v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).

## DISCUSSION

### 1. The Grievance Procedure in the Memorandum of Understanding

Defendant contends that Plaintiffs' claims must be dismissed because Plaintiffs failed to exhaust the internal grievance procedure contained in the Memorandum of Understanding ("MOU"), which is binding on both Plaintiffs. Plaintiffs, on the other hand, assert that they were not obligated to exhaust the MOU's internal grievance procedure for two reasons. First, they contend that the grievance procedure is inapplicable to claims involving the enforcement of statutory rights. Second, they claim that the MOU's grievance procedure is inadequate.

The Court agrees with Plaintiffs that exhaustion is not required when the claim at issue seeks to enforce statutory rights. See Veguez v. Governing Bd. of Long Beach Unified School Dist., 127 Cal. App. 4th 406, 416-17 (2005) (finding that teacher did not have to exhaust internal grievance procedure of collective bargaining agreement because her claim involved rights guaranteed by Education Code section, not rights guaranteed by collective bargaining agreement).

The Court finds the California Court of Appeal's decision in Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005), instructive. In Cicairos, a collective bargaining agreement between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-8990 ABC (PLAx) Date April 6, 2006

Title Michael Kenneth Paul Edwards, et al. v. City of Long Beach

the parties defined "grievance" as "any controversy between the Company, the Union or an employee arising out of an alleged violation of a specific provision of this Agreement." Cicairos, 133 Cal. App. 4th at 959-60. The Cicairos Court found that this definition did not extend to statutory rights violations, as nothing in the agreement evidenced the parties' intent to so expansively define "grievance." Accordingly, the plaintiff in Cicairos was not required to submit his statutory-based claim to the arbitration procedure outlined in the collective bargaining agreement. Id.

The reasoning of Cicairos applies with equal force in this case. Indeed, the MOU's definition of "grievance" is nearly identical to the one in Cicairos. Specifically, the MOU defines grievance as "an allegation by an employee that the City has violated the terms of this Agreement." (Defendant's Request to Take Judicial Notice, Exh. A at 31). As each of Plaintiffs' claims involves an alleged violation of a statutory right, none of them are subject to the MOU's internal grievance procedure.

**2. Defendant's Challenges to the Fair Labor Standards Act Claims**

Defendant's challenges to Plaintiffs' Fair Labor Standards Act claims lack merit. Although Defendant complains about the sufficiency of Plaintiffs' allegations, Plaintiffs have alleged more than enough facts to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. To the extent that Defendant seeks specific information about "critical time periods" or "itemized activities" giving rise to the alleged FLSA violations, Defendant can obtain this information through discovery. See California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1407 (9th Cir. 1995) ("[T]here is no requirement that a plaintiff specifically allege when the cause of action accrued – that is the defendant's responsibility if it wishes to raise a limitations defense.").[1]

**3. Defendant's Challenge to Plaintiffs' Claims Under California Labor Code Sections 226.7 and 512**

Defendant contends that Plaintiffs cannot maintain their claims under California Labor Code sections 226.7 and 512 because those labor codes do not apply to public employees like Plaintiffs. In support of this argument, Defendant relies on Industrial Welfare Commission

[1] For the same reasons, the Court rejects Defendant's arguments in favor of a more definite statement. See Fed. R. Civ. Pro. 12(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-8990 ABC (PLAx) Date April 6, 2006

Title Michael Kenneth Paul Edwards, et al. v. City of Long Beach

("IWC") Order 4-2001, which, according to Defendant, exempts public employees from the protections afforded by California Labor Code sections 226.7 and 512. Plaintiffs, on the other hand, argue that IWC Order 17-2001 controls. Unlike Order 4-2001, Order 17-2001 contains no language exempting public employees.

The Court rejects Defendant's argument without prejudice. Although Defendant urges the Court to apply Order 4-2001, Defendant has simply not explained why the Court should do so, or why Order 17-2001 does not apply. The Court should not have to - and will not - do Defendant's work. Rather, if Defendant believes that, as a matter of law, Plaintiffs cannot maintain their section 226.7 and section 512 claims, Defendant must logically and coherently explain why this is so.[2]

4. **Defendant's Challenge to Plaintiffs' Claim Under California Labor Code Section 2802**

Defendant contends that Plaintiffs cannot maintain their section 2802 claim because, as applied in this case, section 2802 conflicts with the City's authority under Article XI of the California Constitution to negotiate and set compensation for its employees. Furthermore, citing In re Work Uniform Cases, 133 Cal. App. 4th 328 (2006), Defendant asserts that Plaintiffs' section 2802 claim implicates only local issues. As such, the conflict between section 2802 and Article XI of the California Constitution must be resolved in favor of the City's ability to set compensation for its employees. In re Work Uniform Cases, 133 Cal. App. 4th at 339-40.

Defendant's argument is, for the most part, premature. Aside from Plaintiffs' demand for reimbursement for purchasing and maintaining uniforms and mileage and parking fees associated with traveling to and from court, it is not yet clear that the reimbursements that Plaintiffs seek involve only local concerns. Unlike In re Work Uniform Cases, where the plaintiffs sought only reimbursement for expenses relating to uniforms, Plaintiffs seek

---

[2] Defendant also contends that the plain language of section 512 excludes public employees, such as Plaintiffs, from its application. The plain meaning of the statute, however, does no such thing. If Defendant elects to challenge Plaintiffs' section 512 claim in the future, Defendant is free to cite caselaw supporting its position that section 512 excludes public employees. However, Defendant's exclusive reliance on the plain language of the statute is unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-8990 ABC (PLAx) Date April 6, 2006

Title Michael Kenneth Paul Edwards, et al. v. City of Long Beach

reimbursement for expenses relating to weapons, ammunition, and safety equipment. At this early juncture in this litigation and based on the record before it, the Court cannot say with any certainty that these issues involve only local concerns.[3]

**5. Defendant's Challenge to Plaintiffs' Unfair Business Practices Act Claim**

Defendant asserts that Plaintiffs cannot maintain their Unfair Business Practices Act claim because the City of Long Beach is not a "person" as defined by California Business and Professions Code section 17021. The Unfair Practices Act does not apply to governmental entities to the extent that inclusion would result in an infringement on their sovereign governmental powers. Community Memorial Hospital v. County of Ventura, 50 Cal. App. 4th 199, 209-10 (1996) (finding that operation of public hospital, even one that accepts paying patients, falls within county's sovereign powers); Trinkle v. California State Lottery, 71 Cal. App. 4th 1198, 1203-04 (1999) (finding that state lottery was not a "person" within the meaning of the Unfair Competition Act, and thus, could not be sued for violating the Act's provisions, even if the state lottery operated in the fashion of a private business).

Here, maintaining and managing a police force is within the City's sovereign powers. Indeed, the operation of a police force implicates one of the primary powers and responsibilities of the City - ensuring the safety of its citizens. Cf. Community Hospital, 50 Cal. App. 4th at 210 ("There can be no dispute that guarding the public health is within the County's sovereign powers."). Accordingly, including the City as a "person" for the purposes of an Unfair Business Practices Act claim in this instance would infringe the City's sovereign powers. Thus, Plaintiffs cannot maintain their Unfair Business Practices Act claim against Defendant.

**6. Defendant's Challenge to Plaintiffs' Class Allegations**

Finally, Defendant asserts that Plaintiffs cannot maintain a class action on any of their causes of action. This argument is premature. The parties have already agreed to allow Plaintiff until

---

[3] This is not to say that any of the reimbursements that Plaintiffs seek involve statewide concerns. Indeed, once the record is further developed, Defendant may prevail on a motion for summary judgment on this issue. However, the Court believes that it currently lacks sufficient information to make such a determination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-8990 ABC (PLAx) Date April 6, 2006

Title Michael Kenneth Paul Edwards, et al. v. City of Long Beach

July 24, 2006 to file a motion for class action or FLSA collective action certification. Defendant's unilateral attempt to accelerate this date by challenging the basis for class certification at this stage is not well-taken.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. The Court grants the Motion to Dismiss as to Plaintiffs' Unfair Business Practices Act claim (Claim Five) with prejudice. The Court further grants the Motion as to Plaintiffs' California Labor Code section 2802 claim (Claim Four) to the extent that Plaintiffs seek reimbursement for maintaining uniforms and mileage and parking fees associated with traveling to and from court with prejudice. The Motion is denied in all other respects.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer DA