ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
JOANN E. VICTOR (SBN 121891)
jvictor@meyersnave.com
SAMANTHA W. ZUTLER (SBN 238514)
szutler@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
City of Long Beach

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL KENNETH PAUL EDWARDS, for and on behalf of himself, other employees similarly situated and the general public; A.G. MEGAS, for and on behalf of himself, other employees similarly situated and the general public,

Plaintiffs,

v.

CITY OF LONG BEACH; DOE one through 10, inclusive,

Defendants.

---

DAVID FARIS, DOUGLAS BACON and DOUGLAS JOHNSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CITY OF LONG BEACH; and DOES 1 through 10, inclusive,

Defendants.

Case No.: CV05-8990 GW (PLAx)
Consolidated with SACV07-954 JVS (ANx)

**DEFENDANT'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

DATE: March 6, 2008
TIME: 8:30 a.m.
DEPT: 680 (Hon. George H. Wu)

## I. Introduction

Pursuant to Local Rule 56-1, defendant City of Long Beach submits this proposed Statement of Uncontroverted Facts and Conclusions of Law.

## II. Uncontroverted Facts

1. Defendant City of Long Beach ("the City") is a charter city existing formed and existing pursuant to Article XI, Section 5 of the California Constitution.

2. At all times material hereto, the City's charter has provided that "the City shall have the power to make and enforce all laws and regulations with respect to municipal affairs...." (Charter § 109.)

3. At all times material to this action, the City's charter has vested control over all employee compensation in the City Council. (Charter § 210.)

4. At all times material to this action, plaintiffs and consenters are or were employed by the City as sworn police officers in the Long Beach Police Department ("Police Department").

5. At all times material to this action, plaintiffs and consenters were employed in classifications represented by the Long Beach Police Officers Association (the "LBPOA").

6. The LBPOA and the City are parties to a memorandum of understanding proscribing wages, hours and other terms and conditions of employees represented by the LBPOA, including plaintiffs and consenters.

7. A true and correct copy of the current MOU between the City and the LBPOA (hereafter "the MOU") is attached to the Declaration of Suzanne Mason as Exhibit C.

8. The MOU was approved by the City Council.

9. The City Council adopts from time to time salary resolutions containing the compensation payable to City employees as approved by the City Council. (Mason Dec., Ex. B.)

10. Together with the salary ordinance, the MOU establishes and specifies the City Council approved compensation applicable to the plaintiffs.

11. The MOU contains a reference for "K9" compensation applicable to police officers performing K-9 related responsibilities.

12. The City has paid K9 officers under the MOU at a rate at or above the minimum wage specified under California State law.

13. The City's personnel ordinance and the MOU specify the vacation benefits available to plaintiffs and consenters.

## III. Conclusions of Law

14. Labor Code section 226.7 does not apply to the City because (a) the City has plenary authority under the California Constitution to set and regulate compensation payable to its employees; and (b) the underlying wage orders do not apply to public agencies.

15. Labor Code section 512 does not apply to the City because (a) the City has plenary authority under the California Constitution to set and regulate compensation payable to its employees; and (b) the underlying wage orders do not apply to public agencies.

16. Labor Code section 2802 does not apply to the City because the City has plenary authority under the California Constitution to set and regulate compensation payable to its employees.

17. Labor Code section 227.3 does not apply to the City because the City has plenary authority under the California Constitution to set and regulate compensation payable to its employees. In addition, this claims is meritless as applied to the City because: (a) the vacation benefits are in by a memorandum of understanding covering the plaintiffs; (b) there is no showing that any plaintiff has lost vacation benefits upon termination of employment; and (c) the language of the vacation benefits demonstrates that the leave at issue is not "vested" in a manner that would give it cash value upon termination of employment.

18. Plaintiffs and consenters have been compensated at or above the State law minimum wage at all times material to this case.

DATED: February 14, 2008 MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/ Arthur A. Hartinger
Arthur A. Hartinger
Attorneys for Defendant
City of Long Beach